UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

GEORGE RAYMOND WILLIAMS                    CIVIL ACTION NO. 6:11-cv-1408

VERSUS                                     JUDGE ELIZABETH ERNY FOOTE

MOR-TEM RISK MANAGEMENT SERVICES           MAGISTRATE JUDGE HANNA
INC ET AL

MEMORANDUM ORDER

This case in which Plaintiff alleges violations of Louisiana's Preferred Provider
Organization Act has been removed to this Court a second time and a motion to remand
is again pending. [Record Document 5]. The following motions are also pending: Plaintiff's
Motion for Attorney Fees [Record Document 5]; BestComp Inc.'s Motion to Dismiss [Record
Document 10]; StrataCare L.L.C.'s Motion to Consolidate [Record Document 12] and Motion
to Dismiss [Record Document 27].  For the reasons given below, the Court **GRANTS**
Plaintiff's Motion to Remand [Record Document 5], **DENIES** Plaintiff's Motion for Attorney
Fees [Record Document 5], **DENIES as MOOT** StrataCare L.L.C.'s Motion to Consolidate
[Record Document 12] and Motion to Dismiss [Record Document 27], and **DENIES as
MOOT** BestComp Inc.'s Motion to Dismiss [Record Document 10].

I.    **Factual Background and Procedural Posture**

Plaintiff George Raymond Williams M.D., Orthopaedic Surgery, A Professional
Medical, L.L.C. ("Plaintiff") filed suit in state court on behalf of itself and as a representative
of similarly situated health care providers against Mor-Tem Risk Management Services, LLC,

Hammerman & Gainer, Inc., and Integra Management Group, Inc. (collectively "Defendants") alleging violations of Louisiana's Preferred Provider Organization (PPO) Act, La. R.S. 40:2203.1. Mor-Tem Risk Management Services, LLC, and Hammerman & Gainer, Inc. filed third-party demands against StrataCare, Inc. ("StrataCare") asserting that StrataCare is liable to them for any losses they incur as a result of Plaintiff's claims. There is no dispute that Plaintiff and Defendants are Louisiana citizens and that StrataCare is not a Louisiana citizen for the purpose of establishing diversity jurisdiction. StrataCare then brought a third-party claim against BestComp, Inc. ("BestComp"). BestComp removed the case to this Court asserting jurisdiction under the Class Action Fairness Act of 2005. 28 U.S.C. § 1332(d) (2010). This Court remanded, finding that BestComp, a third-party defendant, was not entitled to remove and that the case qualified for the "home state exception" of 28 U.S.C. § 1332(d)(4). [Civil Action 05-1786, Record Document 125]. Plaintiff then entered into a  settlement with Defendants on May 30, 2011. The settlement was approved by the state court on June 30, 2011. However, the settlement agreement provided that its provisions would only take effect a certain amount of time after the court's final approval of the settlement agreement. [Record Document 1-5, p. 25]. StrataCare removed the case to this Court on June 29, 2011 asserting that the settlement agreement had realigned the parties and created complete diversity.  Plaintiff moved to remand arguing that the parties had not been realigned prior to removal and that removal on the basis of diversity was improper because one year had passed between the commencement of the suit and removal. Plaintiff also moved the Court to award attorneys fees. The Court

will first address Plaintiff's Motion to Remand.

## II.    Plaintiff's Motion to Remand [Record Document 5]

Plaintiff argues that because StrataCare is a third party defendant it cannot remove this case on the basis of diversity. StrataCare acknowledges that generally third-party defendants cannot remove cases to federal court.  It argues, however, that because the parties have been realigned pursuant to a settlement approved by state court, this case falls into the exception carved out of the general rule by Central of Georgia Railway Co. v. Riegel Textile Co. and enlarged by Johns, Pendleton & Assoc. v. Miranda, Warwick & Milazzo. 426 F.2d 935 (5th Cir. 1970);  No. CIV.A 02-1486, 2002 WL 31001838 (E.D. La. Sept. 4, 2002).   Specifically, StrataCare asserts that because Plaintiff has been assigned some of Defendants' rights against StrataCare, he is now "realigned as a direct party plaintiff against StrataCare...." [Record Document 30, p.2].  Plaintiff counters that Riegel and Johns are inapplicable because at the time of removal of this case the third party claims against StrataCare had not been severed, Plaintiff's main demand again Defendants had not been dismissed, and the Settlement Agreement was not final.

### A.    The Law Governing the Right of Third-Party Defendants to Remove on the Basis of Diversity

Subject-matter jurisdiction is determined at the time of removal.  Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570-71 (2004); Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995).  The removing party bears the burden of establishing the existence of federal jurisdiction over the controversy.  Winters v. Diamond Shamrock Chem. Co., 149 F.3d 387, 397 (5th Cir. 1998).  In general, a third party

defendant cannot remove a case on the basis of diversity jurisdiction.  Huntsman Co. v. Int'l Risk Ins. Co., Civ. A. No. H-08-1542, 2008 WL 4454170 at *3-4 (S.D. Tex. Sept. 26, 2008) (collecting cases and noting that in the vast majority of courts have held that a third-party defendant is not entitled to exercise the right of removal).  This rule follows from the United States Supreme Court decision in Shamrock Oil & Gas Co. v. Sheets that a plaintiff who was also a "defendant" of a counter-claim or cross-claim could not remove on the basis of diversity.  313 U.S. 100 (1941).  The Supreme Court reasoned that Congress intended the removal statute to restrict federal jurisdiction and that "due regard to the rightful independence of state governments" requires that federal courts "scrupulously confine their own jurisdiction to the precise limits which the statute has defined." Id. at 108.  Accordingly, doubts concerning the propriety of removal are to be resolved in favor of remand.  In re Hot-Head Inc., 477 F.3d 320, 323 (5th Cir. 2007) (per curiam).

The Fifth Circuit and a district court in the Eastern District of Louisiana have nevertheless carved out an exception to the general rule that third party defendants may not remove on the basis of diversity.  Central of Georgia Railway Co. v. Riegel Textile Co., 426 F.2d 935 (5th Cir. 1970);  Johns, Pendleton & Assoc. v. Miranda, Warwick & Milazzo, No. CIV.A 02-1486, 2002 WL 31001838 (E.D. La. Sept. 4, 2002).  Both Riegel and Johns involve claims brought by a plaintiff against a non-diverse defendant where the non-diverse defendant asserts a counterclaim against a diverse third party defendant.  Riegel, 426 F.2d at 937; Johns, 2002 WL 31001838 at *1.   In Riegel, the state trial court severed the plaintiff's claim from the third party claim for trial.  Riegel, 426 F.2d at 937. The third party

then removed the severed third-party claim to federal court alleging diversity jurisdiction.

Id.  The Fifth Circuit held that the district court had jurisdiction over the third party claim:

> Where removal would not have the effect of defeating plaintiff's
> choice of forum, the federal courts should recognize that a party
> in Riegel's [the third-party defendant] position is as much a
> "defendant" as if an original action had been brought against
> him.  This is fully in accord with the policy behind the removal
> statute of providing a federal forum to an out-of-stater sued in
> state court.
>
> Id. at 938.

Thus, the Fifth Circuit held that since the portion of the lawsuit involving the plaintiff had

been severed from the action being removed, the goal of protecting plaintiff's choice of

forum was not compromised by allowing the third-party action to be removed.

In Johns the plaintiff dismissed his claim against the defendant after the third party-

defendant agreed to pay plaintiff the amount of damages plaintiff sought from the

defendant.  Johns, 2002 WL 31001838 at *1.  After the plaintiff was no longer part of the

suit, the third-party defendant removed the case to federal court alleging diversity

jurisdiction.  Id.  The court held that the case before it was analogous to the situation in

Central, noting that in both cases "the main demand was resolved separate and apart from

the third-party complaint" and that allowing removal "does not run afoul of the policy

concern announced in Shamrock—that a third-party defendant should not be permitted to

destroy an original plaintiff's choice of forum."  Id. at *3-4.

Many district courts in this circuit have declined to extend the exception created by

these two cases.  In F.L. Crane & Sons, Inc. v IKBI, Inc. the court declined to permit

removal by a diverse third-party when the plaintiff and defendant entered into a settlement whereby the plaintiff agreed to dismiss its claims against the defendant in exchange for the promise of the defendant to pursue its third-party claim against the third party defendant. 630 F.Supp.2d 718, 720-21 (S.D. Miss. 2009).  The plaintiff remained in the suit while the defendant pursued their claim against their third party defendant.  Id. at 721.  In chosing not to expand the exception created Riegel and Johns, the court stated:

> In both Riegel and Johns, the original plaintiffs were severed or dismissed prior to removal.  As such, the courts were no longer concerned with preserving the plaintiff's choice of forum… Here [original plaintiff and original defendant] reached a settlement agreement, but unlike Johns the settlement is conditional, [original defendant's] claim against [third-party defendant] is not severed, and… (the original plaintiff) remains a party to this suit post-removal. This eliminates the rationale relied upon in both Riegel and Johns, and the Court declines to extend those holdings in this context.
>
> Id.

Thus, the Court declined to allow the third-party defendant to remove when the plaintiff's interest in preserving its choice of forum was still alive.

In Conaco Phillips Co. v. Turner Indus. Group L.L.C., a diverse third-party defendant removed an indemnity claim brought by the defendant after the defendant settled with the plaintiff.  No. Civ.A. G-05-516, 2006 WL 213956, at *1-2 (S.D. Tex. Jan. 24, 2006).  The court remanded on the grounds that the Riegel exception did not apply because the original claim had not been severed from the third party claim. Id. at *2. The court noted it was required to construe the removal statute strictly.  Id.  Similarly, in Avis Rent a Car System, Inc. v. Zea, the court remanded a case removed by a third-party defendant,

finding that the third-party claims had not been severed in the state court proceeding, and declined to allow removal on the grounds that the third-party plaintiffs and defendants were in fact the "true" plaintiffs and defendants.  No. Civ.A. G-05-469, 2005 WL 2850248, at *1–4 (S.D. Tex., Oct. 31, 2005). In Scheurich v. Agrico Chemical Co. a third-party defendant removed a case on the grounds of diversity, arguing that a pending settlement had resolved all the claims against the defendant and that the parties were merely awaiting formal dismissal of the claims against the defendant.  Civil Action No. 08-151-C, 2008 WL 4298449, at *2 (M.D. La. Sept 16, 2008).  The Court remanded, stating that the facts of the case "did not warrant an application of the [Riegel and Johns] exception" since "the settlement of the main demand was not completely finalized at the time of [the third-party defendant's] removal" and "the main demand against [the defendant] was neither severed nor dismissed." Id. at *3.[1]

_____

[1]Though not controlling, the discussion of the propriety of post-removal realignment in Huntsman Co. v. International Risk Insurance Co. is instructive.  No. H-08-1542, 2008 WL 4453170, at *3-7 (S.D. Texas Sept. 26, 2008).  There, the third-party defendant removed on the basis of diversity, asking the court to realign the parties in accordance with the actual controversies existing between them.  The third-party defendant argued that once the district court had realigned the parties according to their true interests, complete diversity would exist and third-party plaintiffs would simply be plaintiffs while third-party defendants would simply be defendants. The court observed that the trend in this circuit disapproved of using realignment after removal to cure a defect in removal jurisdiction in general, and in particular disapproved of using realignment after removal to allow a third-party defendant to remove on diversity grounds. Id. at *6.  The court noted that whereas the United States Supreme Court has approved of realignment to reflect the true interests of the parties when the suit is originally filed in federal court, when a state court suit is removed, the necessity of balancing the general right of the plaintiffs to chose their forum with the limited right of the defendant to remove raises different concerns.  Id. at *4-5. (citing City of Indianapolis v. Chase Nat'l Bank, 314 U.S. 62, 62 (1941) and Roblez v. Ramos, No. Civ. A. 301CV0366-G, 2001 WL 896942, at *2, *3 n.2  (N.D. Tex. Aug.1, 2001). In the

**B.    Analysis**

The Court joins the numerous other courts in this circuit that have declined to extend the Reigel exception.  Statacare has failed to show that Plaintiff's claims against the Defendants have been dismissed.  StrataCare has also failed to show that the Plaintiff's claims against the Defendants have been severed from the Defendants' claims against the StrataCare.  It is undisputed that StrataCare removed this suit to federal court before the settlement agreement became effective and before Plaintiff's claims against the defendants were dismissed. [Record Document 17, p.11].  Accordingly, this case fits under neither the Reigel nor the Johns exception to the general rule that third-party defendants cannot remove on the basis of diversity.

The Court is not convinced that even if StrataCare had removed this case after the effective date of the settlement agreement and Plaintiff had indeed stepped into the shoes of the Hammerman Defendants that the Court would have jurisdiction.  In Reigel and Johns, the Plaintiff was no longer involved in the third-party suit when it was removed, thus the Plaintiff's general interest in maintaining the state forum into which he had plead was no longer implicated.  Riegel, 426 F.2d at 938 ("Where removal would not have the effect of defeating plaintiff's choice of forum, the federal courts should recognize that a party in Riegel's [the third-party defendant] position is as much a 'defendant' as if an original action had been brought against him.").  The division between the claims of the

---

instant case, the Court is similarly faced with the federalism concerns involved in balancing the general right of the plaintiff to chose his forum with the statutory right of defendants to remove to a federal forum.

plaintiff against the defendant and claims of the defendant against the third-party defendant is not nearly so neat in the instant case.  StrataCare has not shown that the Plaintiff will no longer be involved in this suit or that the fact that Plaintiff's choice of forum will be defeated is immaterial.  In their Sur-Reply, StrataCare asserts that the "defendants have assigned their purported rights against StrataCare to the" Plaintiff.  [Record Document 30, p. 2].  It is therefore unclear to the Court whether Plaintiff intends to remain in the suit.  The Court does not, however, need to speculate about Plaintiff's intentions, since there is no dispute that at the time of removal Plaintiff had not dismissed his claims against the defendants and the claims against the third-party defendant had not been severed from the Plaintiff's claims.

This case is therefore indistinguishable from Scheurich v. Agrico Chemical Co. because the main demands had neither been severed nor dismissed at the time of removal. 2008 WL 4298449, at *3.  Just as the court ruled in Scheurich, this Court holds that the facts of this case do not warrant an application of the exception applied in Reigel and Johns.  Further, because removal statutes must be construed strictly, the Court declines to further extend the Reigel exception to the situation where a settlement purportedly realigning the parties has not yet become binding at the time of removal.  In re Hot-Head Inc., 477 F.3d at 323.

### III.    StrataCare's Removal and the One-Year Limit

Even if the Court were inclined to extend the Reigel exception, StrataCare has failed to meet the one-year deadline for removal on diversity grounds.  28 U.S.C. § 1446(b)

(2010).[2]  Cases that are not removable originally but become removable at a later time may not be removed on the basis of diversity more than one year after commencement of the action.  Id.  StrataCare does not dispute that they removed this suit more than one year after its commencement.  [Record Document 17, pp.5-6].[3]  Rather, StrataCare argues that under Tedford v. Warner-Lambert Co. Plaintiff is equitably estopped from invoking the one-year deadline.  Id.; 327 F.3d 423 (5th Cir. 2003).

In Tedford, the Fifth Circuit held that the one-year limit of Section 1446(b) is subject to equitable tolling when the plaintiff has "manipulated the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights." 327 F.2d at 428-29.  The facts of Tedford were egregious.  There, immediately upon learning that the defendant intended to remove, the plaintiff joined a non-diverse defendant against whom plaintiff did not intend to pursue a claim.  Id. at 425.  After the

---

[2]28 U.S.C. § 1446 has been amended since the removal of this suit to read "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  Federal Courts Jurisdiction and Venue Clarification Act of 2011, Publ. L. No. 112-63, § 103(b), 125 Stat. 760 (2011). This act specifies that it will "take effect upon the expiration of the 30-day period beginning on the date of the enactment of this Act; and (2) apply to... any action that is removed from a State court to a United States district court and that had been commenced, within the meaning of State law, on or after such effective date."  Id. at § 205. As this case was commenced in state court on September 30, 2009, the Court applies the pre-2011 amendment version of 28 U.S.C. § 1446. [Record Document 1-3, p. 1].

[3]The state court suit was commenced on September 30, 2009.  StrataCare removed the case on July 29, 2011. [Record Documents 1, p.1 and 1-3, p.1.]. Under both Louisiana and federal law, an action "commences" when it is filed.  La. Code Civ. P. Ann. art. 421; Fed. R. Civ. P. 3.

case was remanded to state court, the plaintiff "signed and post-dated a Notice of Nonsuit before the one-year anniversary of the commencement of her action," but did not notify the defendant who intended to remove the non-suit of the other defendant until after the one-year deadline to remove had expired.  Id.  District courts have equitably tolled the deadline pursuant to Tedford in other egregious circumstances.  See e.g. Shiver v. Springcom, Inc., 167 F.Supp.2d 962, 962 (S.D. Tex. 2001) (plaintiff dismissed suit after case was removed, filed second, identical suit adding non-diverse defendant and then non-suited the non-diverse defendant on the eve of trial); see also Baby Oil, Inc. v. Cedyco Co., 654 F.Supp.2d 508, 515 (E.D. La. 2009) (collecting cases).  Given that doubts in favor of removal must be resolved in favor of remand, the estoppel doctrine requires a "transparent attempt to circumvent federal jurisdiction."  In re Hot-Head Inc., 477 F.3d at 323; Joiner v. McLane Co., No. 08-cv-130, 2008 WL 1733655, at *2 (W.D. La. April 14, 2008) (quoting Foster v. Landon, No. Civ.A 04-2645, 2004 WL 2496216, at *2 (E.D. La. Nov. 4, 2004). In determining whether the Tedford exception applies, the burden of proving jurisdiction remains on the removing party.  Baby Oil, 654 F.Supp.2d at 515-16 (citing Frank v. Bear Stearns & Co., 128 F.3d 919, 922 (5th Cir.1997)).

StrataCare has failed to meet its burden of proving that Plaintiff has engaged in forum manipulation. StrataCare argues that the Plaintiff has sought to avoid federal jurisdiction by filing numerous individual class actions that "created purported local controversies," thus enabling Plaintiff to avoid federal jurisdiction under the Class Action Fairness Act of 2005 ("CAFA").  28 U.S.C. § 1332(d)(2) (2010); [Record Document 17, p.7].

StrataCare does not explain how the filing of other suits in addition to the instant suit has enabled Plaintiff to avoid federal jurisdiction in the instant case.  Even assuming that Plaintiff had successfully manipulated the statutory scheme in order to avoid jurisdiction under the Class Action Fairness Act in other cases, StrataCare does not explain how that manipulation has enabled Plaintiff to avoid federal jurisdiction in the instant case where jurisdiction under CAFA is not asserted.  As StrataCare has the burden of establishing the existence of jurisdiction, the Court declines to imagine ways Plaintiff could have engaged in forum manipulation by filing numerous separate suits in addition to the instant suit.

In its Sur-Reply, StrataCare offers an additional theory explaining how Plaintiff has engaged in forum manipulation, arguing that "there is clear evidence of fraudulent non-joinder." [Record Document 30, p.3].  StrataCare's argument appears to be that instead of filing claims directly against StrataCare Plaintiff has filed claims against the Defendants with the expectation that the Defendants will file third-party claims against StrataCare. When Plaintiff settles with the Defendants it acquires their claims against StrataCare, thus enabling Plaintiff to pursue claims against StrataCare in state court without the fear of StrataCare removing.   This scheme is implausible.   Although StrataCare states in a conclusory fashion that Plaintiff has failed to name "necessary parties," StrataCare does not argue that Plaintiff is required by Federal Rules of Civil Procedure or by any other statutory or jurisprudential source of law to join StrataCare as a defendant. Id.  Furthermore, the scheme alleged by StrataCare simply assumes the occurrence of too many events outside the control of the Plaintiff for it to be a plausible method of avoiding federal jurisdiction.

There are also too many reasons why Plaintiff would want to settle with the Defendants and to be assigned their claims against StrataCare apart from any desire to avoid a federal forum.  Tedford and its progeny involve factual situations where there is no  plausible explanation for the plaintiff's actions other than that the plaintiff sought to manipulate the statutory scheme in order to avoid federal jurisdiction.  Simply put, StrataCare has failed to carry its burden of proving the type of clear and egregious pattern of forum manipulation that the Tedford court sought to prevent.

In summary, StrataCare has failed to carry its burden of proving forum manipulation, and accordingly Plaintiff is not equitably estopped from invoking the one-year limit on removing on the basis of diversity.

### C.      Conclusion

At the time of removal the third-party demands against StrataCare had not been severed and the main demands against the Defendants had not been dismissed. Furthermore, this case was removed more than one year after its commencement in state court and StrataCare has failed to carry its burden of proving that this one-year limit should be equitably tolled.  Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand [Record Document 5].

### IV.    Plaintiff's Motion for Attorney's Fees [Record Document 5]

Plaintiff moves for attorneys fees under 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). The Court has discretion to award attorneys

fees, but it must bear in mind that "absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Co., 546 U.S. 132, 141 (2005).  Although the facts of this case do not warrant removal, StrataCare did not lack an objectively reasonable basis for removing this matter.  StrataCare's arguments that the settlement in state court realigned the parties and that the one-year limitation on diversity removals should be equitably tolled are colorable even though the Court does not find that they have merit.  Accordingly, Plaintiff's motion for attorney's fees is **DENIED**.

## V.    Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Remand [Record Document 5] be and is hereby **GRANTED**, and this case be and is hereby **REMANDED** to the 27th Judicial District Court, St. Landry Parish, Louisiana;

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Attorney Fees [Record Document 5] be and is hereby **DENIED**;

**IT IS FURTHER ORDERED** that all other pending motions [Record Documents 10, 12, and 27] be and are hereby **DENIED as MOOT**.

March 22, 2012. Shreveport, Louisiana.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE